BRANIFF AIRWAYS, INC., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19490.

United States Court of Appeals
Fifth Circuit.

April 19, 1963.

Wilbur E. Dow, Jr., W. Shelby Coates, Jr., Dow & Stonebridge, New York City, for appellant.

Alan S. Rosenthal and Kathryn H. Baldwin, Attys., Dept. of Justice, Washington, D. C., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

The judgment before us on this appeal denied recovery to the appellant, Braniff Airways, Inc., in an action against the United States brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq. The district court has set forth the claim of the appellant with its findings and conclusions. Braniff Airways, Inc. v. United States, D.C., 203 F. Supp. 602. The district court reached the conclusion, among others, that "There was no causal connection between any alleged act or omission to act on the part of the defendant [United States] and the resultant accident and injuries." 203 F. Supp. 602, 607. The record fully supports this conclusion. This being so, it is not necessary to consider the other questions raised by the appellant. The judgment of the district court is

Affirmed.

NASSAU COUNTY BRIDGE AUTHORITY, as custodian and user of Atlantic Beach Bridge, Libellant-Appellant,

v.

TUG DOROTHY McALLISTER and her owner McAllister Brothers, Inc., Respondent-Appellee.

No. 247, Docket 27840.

United States Court of Appeals
Second Circuit.

Argued March 6, 1963.

Decided April 18, 1963.

Eugene Underwood, of Burlingham, Underwood, Barron, Wright & White, New York City (Stanley R. Wright and E. Lisk Wyckoff, Jr., of Burlingham, Underwood, Barron, Wright & White, New York City, on the brief), for libellant-appellant.

Vincent A. Catoggio, of Purdy, Lamb & Catoggio, New York City, for respondent-appellee.

Before CLARK and WATERMAN, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM.

Affirmed on the opinion of Judge Abruzzo in concluding that the damage was caused solely by failure of the bridge tender to give a timely danger signal. The applicable regulations, 33 C.F.R. 203.180(a), (b) and (d) (2) (i), can only be construed as requiring a prompt reply to the signal of an approaching vessel.